■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Sharpe, J.), imposed March 2, 1981, upon his conviction of attempted robbery in the second degree, upon his plea of guilty, the sentence being a one-year period of imprisonment. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to imprisonment for a period of 30 days plus probation for a period of five years, said term of imprisonment shall be a condition of and run concurrently with the period of probation. As so modified sentence affirmed and case remitted to Criminal Term to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated. Mollen, P. J., Rabin, Mangano and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE LEE MCKAY, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Seidell, J., at sentence; Levine, J., at plea), rendered August 11, 1980, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. By order dated May 18, 1981, this court remitted the case to the County Court to hear and report on defendant's application to withdraw his plea of guilty, and the appeal has been held in abeyance in the interim (*People v McKay*, 81 AD2d 897). The County Court (Seidell, J.), has complied and rendered a report in accordance therewith. Judgment reversed, on the law, plea vacated, and case remitted to the County Court, Suffolk County, for further proceedings consistent herewith. On remand, the County Court found the "possibility" that appellant was confused when entering his guilty plea. It also noted the "possibility" that he lacked the requisite knowledge of the robbery at the time he drove the "getaway" car. Under these circumstances, the doubts raised as to the voluntariness as well as to the factual basis of the plea require that it be vacated and that appellant be afforded the opportunity to replead to the indictment (see *People v Nixon*, 21 NY2d 338, cert den *sub nom. Robinson v New York*, 393 US 1067). Hopkins, J. P., Titone, Gibbons and Cohalan, JJ., concur.